[S. F. No. 2366.   Department One.—May 12, 1902.]

## MARTIAL HAINQUE et al., Respondents, v. THE CYCLOPS IRON WORKS, Appellant.

TRADE-NAME — EXCLUSIVE USER — GOOD-WILL — FRAUD — INJUNCTION.
—After plaintiffs and their predecessors have for many years conducted a machine business under the name of "Cyclops Machine Works," they have, by exclusive user, acquired a right to use the word "Cyclops" as a trade-name, which equity will protect; and the plaintiffs may maintain an injunction to prevent the use of that word by a corporation which has begun a business of the same general character in the immediate neighborhood of plaintiffs' business, under the name of "Cyclops Iron Works," for the purpose of misleading plaintiffs' customers, and defrauding plaintiffs by appropriating the good-will of their business.

ID.—INFRINGEMENT BY CORPORATION—CORPORATE NAME.—Where an individual would not be allowed to use the trade-name under the same circumstances, a corporation may not take it as part of its corporate name, and thus, by indirection, accomplish ends otherwise forbidden by law.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

F. J. Castelhun, and R. Percy Wright, for Appellant.

Bishop & Wheeler, for Respondents.

GAROUTTE, J.—Plaintiffs and their predecessors in interest have conducted in the city of San Francisco for many years a machine factory under the name of "Cyclops Machine Works." After plaintiffs and their predecessors had been engaged in this business for many years, this defendant, a corporation, in the immediate neighborhood of the location of plaintiffs' business inaugurated a business of the same general character, under the name of "Cyclops Iron Works." In the trial court a perpetual injunction was granted against defendant, prohibiting its use of the word "Cyclops" in connection with its machine business; and defendant now appeals from the judgment and order denying its motion for a new trial.

. The findings of fact made by the trial court have support in the evidence, and those findings are to the effect that plaintiffs and their predecessors in interest for many years have used the word "Cyclops" as a part of the name and in connection with the conduct and management of their business; that defendant well knew that fact, and with the purpose of misleading plaintiffs' customers and defrauding plaintiffs by appropriating the good-will of its business, has appropriated the name of "Cyclops" in the conduct of its business. It is further found that, if defendant is permitted so to use this name in connection with its business, plaintiffs will be greatly damaged thereby. Upon general principles of equity, the acts of defendant here detailed will not be countenanced by the courts. If it be conceded that the word "Cyclops" in this particular instance is the trade-name of plaintiffs rather than their trade-mark, that fact is not material. By a long-continued, exclusive user, plaintiffs and their predecessors in interest have acquired property rights in the use of the word which defendant is bound to respect. (*Weinstock, Lubin & Co.* v. *Marks,* 109 Cal. 529.[1])

Section 991 of the Civil Code provides: "One who . . . conducts a particular business may appropriate to his exclusive use as a trade-mark any form, symbol, or name which has not been so appropriated by another, to designate the origin or ownership thereof." Under the provisions of this section plaintiffs, by an exclusive user of the name "Cyclops," gained rights in its use which a court of equity will protect. And that the word "Cyclops" is a word in which the right of exclusive user may be created, the court has no doubt. Neither does the court attach any importance to the fact that defendant is incorporated under the name of "The Cyclops Iron Works." If an individual would not be allowed to use the word "Cyclops" under the circumstances here pictured by the complaint and findings, a corporation may not take the word as a part of its corporate name, and thus, by indirection, accomplish ends otherwise forbidden by the law.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.

[1] 50 Am. St. Rep. 57.