[No. 8797. Department One. July 28, 1910.]

EASTERN OUTFITTING COMPANY, *Appellant*, v. J. MANHEIM
et al., *Respondents*.[1]

TRADE-MARKS AND TRADE-NAMES—CORPORATIONS — RIGHT TO USE NAME—FRAUD—INJUNCTION. A corporation organized in this state under the name of "Eastern Outfitting Company" for the purpose of selling cloaks, suits and men's clothing, has no exclusive right to the use of the name throughout the state for that purpose; and where its business had been confined to a retail and mail order business in the vicinity of Seattle, it will be enjoined from opening a branch house under the same name in Spokane, for the purpose of defrauding the public and a copartnership that had for several years been doing the same kind of business under the same name in the city of Spokane, where there had been no confusion theretofore owing

[1]Reported in 110 Pac. 23.

to the fact that neither had invaded the territory of the other (MORRIS and CHADWICK, JJ., dissenting).

SAME—UNFAIR COMPETITION—INJUNCTION—RELIEF. In such a case, the corporation (which was first in the use of the name) is not entitled to an injunction preventing the further use of the trade-name by the copartnership; since protection to a trade-name is only coextensive with the market, and there cannot be unfair trade competition unless there is competition (MORRIS and CHADWICK, JJ., dissenting).

SAME—TRADE-NAME—CORPORATIONS—NAMES. The name of a corporation is not its trade-mark, as the latter refers to the thing sold, and a trade-name embraces both the thing and the individuality of the seller.

APPEAL—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR. Upon an appeal from an order enjoining the use of a trade-name, the appellant is not entitled to have the court review an order punishing a third person for violating the injunction.

Appeal from a judgment of the superior court ifor Spokane county, Hinkle, J., entered November 27, 1909, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action for an injunction. Affirmed.

*Samuel R. Stern*, for appellant, contended, *inter alia*, that a corporation is protected in the use of its name. Cook, Corporations (6th ed.), § 15; Clark & Marshall, Corporations, pages 155, 156; *Paulino v. Portuguese Beneficial Ass'n*, 18 R. I. 165, 26 Atl. 36, 20 L. R. A. 272; *Boston Rubber Shoe Co. v. Boston Rubber Co.*, 149 Mass. 436, 21 N. E. 875; Nims, Unfair Business Competition, pages 199, 215-217; 10 Cyc. 151, art. 3; *Sanders v. Utt*, 16 Mo. App. 322; *Sanders v. Jacob*, 20 Mo. App. 96; *State v. McGrath*, 92 Mo. 355, 5 S. W. 29; *Illinois Watch Case Co. v. Pearson*, 140 Ill. 423, 31 N. E. 400, 16 L. R. A. 429; *Elgin Butter Co. v. Elgin Creamery*, 155 Ill. 127, 40 N. E. 616; *Ottoman-Cahvey Co. v. Dane*, 95 Ill. 203; *Tussaud v. Tussaud*, 44 Chan. Div. L. R. 678. The mere fact that two concerns happen to be widely separated geographically is no proof that no confusion can or may result by the use of the name by both. Nims, Unfair Business Competition, p. 224. *Samuels v. Spitzer*, 177 Mass.

226, 58 N. E. 693; *Blackwell's Durham Tobacco Co. v. American Tobacco Co.*, 145 N. C. 367, 59 S. E. 123. An injunction will be granted although the business of the parties was not in the same locality. *Lamb Knit-Goods Co. v. Lamb Glove & Mitten Co.*, 120 Mich. 159, 78 N. W. 1072, 44 L. R. A. 841; Hopkins, Trade-Marks, § 13; *Derringer v. Plate*, 29 Cal. 292, 87 Am. Dec. 170; *Hygeia Distilled Water Co. v. Consolidated Ice Co.*, 144 Fed. 139; *McLean v. Fleming*, 96 U. S. 245; *Menendez v. Holt*, 128 U. S. 514; *Martell v. St. Francis Hotel Co.*, 51 Wash. 375, 98 Pac. 1116. See, also, *Edison Storage Battery Co. v. Edison Automobile Co.*, 67 N. J. Eq. 44, 56 Atl. 861; *Philadelphia Trust etc. v. Philadelphia Trust Co.*, 123 Fed. 534; *Nesne v. Sundet*, 93 Minn. 299, 101 N. W. 490, 106 Am. St. 439; *Rogers v. William Rogers Mfg. Co.*, 70 Fed. 1017; *Celluloid Mfg. Co. v. Cellonite Mfg. Co.*, 32 Fed. 95; *Goodyear Rubber Co. v. Goodyear's Rubber Mfg. Co.*, 21 Fed. 276; *Nolan Bros. Shoe Co. v. Nolan*, 131 Cal. 271, 63 Pac. 480, 82 Am. St. 346, 53 L. R. A. 384; *Newby v. Oregon Cent. R. Co.*, Fed. Case, No. 10,144; *Holmes etc. v. Holmes*, 37 Conn. 278, 9 Am. Rep. 324; *Higgins Co. v. Higgins Soap Co.*, 144 N. Y. 462, 39 N. E. 490, 43 Am. St. 769, 27 L. R. A. 42; *Investor Pub. Co. v. Dobinson*, 72 Fed. 603; *Bissell Chilled Plow Works v. Bissell Plow Co.*, 121 Fed. 357; *Buzby v. Davis*, 150 Fed. 275; *Dale v. Smithson*, 12 Abb. Pr. 237; *De Youngs v. Jung*, 7 Misc. Rep. 56, 27 N. Y. Supp. 370.

*Cohn, Rosenhaupt & Blake* and *A. M. Winston*, for respondents.

Gose, J.—The plaintiff brought this action to enjoin the defendants from using the name "Eastern Outfitting Company." There was a decree in favor of the defendants, enjoining the plaintiff from using the name in the city of Spokane. The plaintiff has appealed.

Appellant is a foreign corporation, organized in the state of California under the name of "Eastern Outfitting Com-

pany of Seattle, Washington." In March, 1902, it filed for record in the office of the secretary of state of this state a certified copy of its articles of incorporation, and otherwise complied with the laws of this state respecting foreign corporations doing business here. The essential facts are that the appellant, since 1902, has been engaged in the business of selling "cloaks and suits, also gents' clothing," in the city of Seattle, and its vicinity. Its mode of doing business, as testified by its manager, has been to sell on credit, receiving a cash payment of a few dollars at the time of the sale, and weekly or monthly payments thereafter until the purchase price is paid. It did no business in the eastern part of the state, aside from a single transaction with one customer who had moved from Seattle to Spokane. It has, in addition to its local trade, a mail order business in the territory adjacent to Seattle. The respondents were at one time copartners, doing a retail mercantile business in the city of Spokane under the name of "Eastern Outfitting Company." The business was started under this name by the respondent J. Manheim, in April or May, 1905. Later he associated Nathan Manheim with him in the business and, before the commencement of the action, the latter acquired the entire ownership, and continued to conduct the business in the old name. There is no evidence that the respondents had any trade outside of the city of Spokane. About August, 1909, the appellant undertook to open a place of business in Spokane under the name of "Eastern Outfitting Company," and advertised that it had an exclusive right to the use of that name.

The court found, that the business of both the appellant and the respondents is a retail installment business, purely local in character; that the respondents have expended large sums of money in advertising the business, and have established a large cash and installment business under their trade-name; and that in August, 1909, the appellant, with the intention to cheat and defraud the respondents and the public,

sought to lure the public into its place of business in the city of Spokane by taking the respondents' trade-name, and thus divert and appropriate their business. The findings are supported by the evidence.

The appellant contends that it has the exclusive right to the use of the name "Eastern Outfitting Company" throughout the state, because of its compliance with the laws of the state with respect to foreign corporations. We cannot concur in this view. The respective parties adopted the same trade-name and engaged in the same general business, but at points remote from each other, and they are to be dealt with precisely as if the names were those of private firms or copartnerships. *Celluloid Mfg. Co. v. Cellonite Mfg. Co.*, 32 Fed. 94.

"No advantage accrues to a name of a corporation because it is borne by a corporation." Nims, Unfair Business Competition, page 198.

The appellant next urges that, upon the principle of unfair business competition, the respondents should be enjoined from the further use of the trade-name. This position is untenable. In considering this question it is essential that the distinction be kept in mind between a trade-name as applied to a local business and a trade-name as applied to a general business. In *Martell v. St. Francis Hotel Co.*, 51 Wash. 375, 98 Pac. 1116, speaking to the identical question, we said:

"The general rule is, as before quoted, that one person may not use the name of another already in the same line of business so that confusion or injury results therefrom."

This principle, stated in varying phraseology, may be found both in the text books and in the adjudged cases. In cases like the one at bar the fact to be ascertained is, what is the market of the complaining party. His protection is coextensive with his market. Nims, § 114. "But there is no standard, except what the court in each particular case believes has worked fraud, or may work fraud or loss to the

plaintiff." Nims, § 108. There cannot be unfair trade competition unless there is competition. *Sartor v. Schaden,* 125 Iowa 696, 101 N. W. 511.

The doctrine of unfair competition is based upon the principle of common business integrity, and equity only affords relief when this principle has been violated. *Hainque v. Cyclops Iron Works,* 136 Cal. 351, 68 Pac. 1014; *Sartor v. Schaden, supra.* The mischief which a court of equity will guard against is a confusion in names, or in the identity of parties, or in the goods sold, so as to deceive the public and work a fraud upon the party having a right to the trade-name. *Philadelphia Trust, Safe Deposit & Ins. Co. v. Philadelphia Trust Co.,* 123 Fed. 534; *Celluloid Mfg. Co. v. Cellonite Mfg. Co., supra; Blackwell's Durham Tobacco Co. v. American Tobacco Co.,* 145 N. C. 367, 59 S. E. 123; *Cohen v. Nagle,* 190 Mass. 4, 76 N. E. 276, 2 L. R. A. (N. S.) 964.

It is manifest that the respondents, doing a retail business in Spokane, could not pass off their goods as the appellant's goods, or pass themselves off as the appellant. The respondents did not invade the appellant's territory but, on the other hand, it sought to invade their territory after they had devoted years of time and labor to giving a reputation to the name in the city of Spokane. Before the appellant attempted to open a business in Spokane, there had been no confusion and no deception practiced upon the public or the appellant's customers. We have treated the question as if the parties had used the same trade-name, and have given no consideration to the fact that the words "Seattle, Washington," were a part of the corporate name of the appellant.

The contention of the appellant that the name is its trademark cannot be upheld. As a general rule a trade-mark has reference to the thing sold, whilst a trade-name embraces both the thing sold and the individuality of the seller. *Armington v. Palmer,* 21 R. I. 109, 42 Atl. 308, 79 Am. St. 786, 43 L. R. A. 95; *Sartor v. Schaden, supra.*

"The office of a trade-mark is to point out distinctively the origin or ownership of the article to which it is affixed; or, in other words, to give notice who was the producer. This may, in many cases, be done by a name, a mark, or a device well known, but not previously applied to the same article." *Canal Co. v. Clark*, 13 Wall. 311, 322.

A third party was punished for contempt for violating the injunction order. The appellant seeks to review the contempt order on this appeal. It cannot be so reviewed.

The appellant suggests that error was committed in rejecting and admitting certain evidence. Neither the evidence admitted nor that rejected was material in determining the issue.

The decree is affirmed.

RUDKIN, C. J., and FULLERTON, J., concur.

MORRIS, J. (dissenting)—I dissent. When appellant fully complied with the laws of this state, it became entitled to do business within this state and within the entire state. It had no locality except the state itself. The fact that it selected Seattle as its situs did not confine its business to that city, nor circumscribe to any extent its powers. It was a corporation in Spokane, and as much entitled to do business there, and to have its name protected while engaged in such business, as it was in Seattle. I do not comprehend upon what theory appellant can be clothed with greater powers in Seattle and less in Spokane. I know no law making such a distinction. Its powers are coextensive with the state, and should be so regarded and protected. Our statute, Rem. & Bal. Code, § 3680, protects it in the exclusive use of its chosen name, and such protection should be extended to all portions of the state. The judgment should be reversed.

CHADWICK, J. (dissenting)—Aside from the considerations advanced by Judge Morris, in which I concur, it seems to me that the reasoning of the majority defeats itself. It proceeds upon the theory that a business once established

must cover a whole field in its inception, rather than upon the evident fact, proven by the history of the whole business world, that a business legitimately organized is entitled to the protection of the law in its development from a small local concern to the larger concern into which it has the natural right to grow. Another reason, and to my mind a forceful one, why the judgment of the lower court should be reversed, is that the rule allowing an injunction to protect a trade-name cannot be invoked by defendants in this case. The business of defendants is a partnership, and it is an established principle of law that a partnership can have no property in a trade-name which imports that it is a corporation, and especially so where there is a corporation organized and doing business in the state under the same name and under the protection of the statute. *Clark v. Aetna Iron Works*, 44 Ill. App. 510, cited in 28 Am. & Eng. Ency. Law (2d ed.), p. 356. In the same text, at page 368, the rule is laid down that:

"A peculiar collocation of words which, although descriptive in their meaning, are arbitrary in their selection and arrangement, and are not the only words which could be employed to describe the article to which they are applied, may be protected as a trade-mark. It is not always clear, nor often very material, in this class of cases, whether protection is afforded upon the ground of technical trade-mark or upon the ground of unfair competition. It is so easy to avoid any similarity, that its mere existence is almost conclusive proof of a fraudulent intent, and hence of unfair competition. At all events, a deceptive imitation will be enjoined."

The same rule applies by analogy to trade-names. In 10 Cyc., at page 151, the general rule is stated to be that:

"While the name of a corporation is not in strictness a franchise, yet the exclusive right to its use may be protected in equity by the writ of injunction by analogy to the protection of trade-marks, just as the name of an individual, a partnership, or a voluntary association may be so protected."

This would be the rule if we had no statute against the duplication of corporate names, and should certainly be applied where the policy of the law has been declared by the legislature to be that confusion in names of business concerns shall be avoided.