[No. 13564.  Department Two.  December 29, 1916.]

GROCETERIA STORES COMPANY, *Appellant*, v. M. C. TIBBETT, *Respondent*.[1]

TRADE-MARKS AND TRADE-NAMES — PERSONS ENTITLED — VENDORS. Under Rem. Code, § 9492, making it unlawful to counterfeit, imitate, or use any "label, trade-mark, . . . or form of advertisement" adopted and filed for registration as required by the act, for the purpose of designating any goods, "as having been made, manufactured, produced, packed, or put on sale" by another, a person not originating or manufacturing goods is entitled to trade-mark a name for goods packed and "put on sale" by him.

SAME—NAMES SUBJECT—"GROCETERIA." The term "Groceteria," applied to grocery stores operated without the use of clerks or deliveries, in which the purchaser makes his own selections, may be trade-marked under Rem. Code, § 9492, where it is admitted that the person claiming the right to the same was the first to use the word.

SAME—INFRINGEMENT. The use of the words "Pacific Groceteria" is an infringement of a trade-mark of "Groceteria No. 1"; since it is sufficiently similar to deceive persons of ordinary caution.

SAME—EXTENT OF PROPERTY—PLACE OF BUSINESS. A concern located at Seattle claiming a trade-mark of the name "Groceteria" registered under Rem. Code, § 9492, may maintain an action to enjoin the use of the name by another at Tacoma, where it is alleged in the complaint and admitted that plaintiff was doing business from its Seattle office with people in the city of Tacoma.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered May 13, 1916, upon sustaining a demurrer to the complaint, dismissing an action for an injunction. Reversed.

[1]Reported in 162 Pac. 54.

*Edward Judd* and *H. R. Harriman*, for appellant.

*E. D. Hodge*, for respondent.

HOLCOMB, J.—This action was brought by appellant, a corporation, for the purpose of restraining respondent from in any manner using the trade-mark or trade-name "Groceteria." The complaint alleges, that appellant has opened up several grocery stores in the city of Seattle which are designated as "Groceteria No. 1," "Groceteria No. 2," and "Groceteria No. 3"; that it has been selecting and procuring leasehold interests in the city of Tacoma preparatory to going into business in that city, and that it has been doing business from its Seattle office with people in the city of Tacoma; that appellant's stores are operated in such a manner that no deliveries are made to purchasers and no clerks employed, each purchaser making his selection and paying for the same on his exit, thus greatly reducing the operating expenses of the store and allowing appellant to sell groceries at a greatly reduced price, and that the trade-mark of appellant is marked upon the container in which the goods are sold; that appellant is the first person in the state of Washington to use the method of operating a grocery store as described above, and has used large sums of money to advertise the same; that it is the first person in the state of Washington to use the word "groceteria" as a trade-mark or trade-name, and that, on November 10, 1915, the secretary of state granted a certificate of registration of such trade-mark to appellant; that respondent, M. C. Tibbett, is engaged in conducting a grocery business in the city of Tacoma, and has placed on the windows of this store large signs containing the words "Pacific Groceteria," giving particular prominence to the word "groceteria"; that respondent is using the trade-mark and trade-name of appellant in order to convey to the public the idea that he is merchandising and trading in the goods of the plaintiff, and is attaching the

name and word "groceteria" to the goods sold in respondent's store. A demurrer to this complaint was sustained. As appellant elected to stand upon the complaint, a judgment of dismissal was entered, from which this appeal is taken.

In an attempt to justify the ruling of the trial court and also to distinguish the instant case from *Martell v. St. Francis Hotel Co.*, 51 Wash. 375, 98 Pac. 1116, respondent first claims that appellant had nothing to trade-mark. This claim is advanced by respondent on the theory that the word "trade-mark" is so restricted in its meaning that its only office is to point out distinctively the origin and ownership of a certain product or products to which it is affixed; in other words, to give notice who the producer was; and that, under this definition, no trade-mark could be acquired by a person who did not produce or manufacture the goods, but only displayed and sold the same, which is all, it is argued, appellant did in this case. Granting, for the sake of argument, that appellant would not be entitled at common law to trade-mark this word, it would nevertheless be entitled, under the facts here pleaded, to some relief; for even when, for any reason, a word is not capable of being trade-marked, still when, by reason of its original and long usage by the person attempting to acquire it for a trade-mark or a trade-name, it has acquired a secondary signification in reference to this use as a trade-name by such person, its use in this connection will be protected by restraining any use of the word or any infringement which would tend to deceive the public or those to whom the use of the word in its special meaning has become attached. *Elgin National Watch Co. v. Illinois Watch Case Co.*, 179 U. S. 665; *Lawrence Mfg. Co. v. Tennessee Mfg. Co.*, 138 U. S. 537.

But by the terms of Rem. Code, § 9492, not only in a case of this character is appellant protected in the use of the word attempted to be trade-marked, by the restraint of others from using the word in a manner which tends to deceive the

public, but also it is the proper subject of a trade-mark. This statute reads as follows:

"Whenever any person, or any association or union of workingmen has heretofore adopted or used, or shall hereafter adopt or use, and has filed as hereinafter provided any label, trademark, term, design, device or form of advertisement for the purpose of designating, making known, or distinguishing any goods, wares, merchandise or other product of labor, as having been made, manufactured, produced, prepared, packed or put on sale by such person or association or union of workingmen or by a member or members of such association or union, it shall be unlawful to counterfeit or imitate such label, trademark, term, design, device or form of advertisement, or to use, sell, offer for sale, or in any way utter or circulate any counterfeit or imitation of any such label, trademark, term, design, device or form of advertisement."

There can be no doubt that, by the express terms of the statute, a person is entitled to a trade-mark and the protection afforded thereby, not only when he is the originator and manufacturer of the goods bearing the trade-mark, but also as a *label* when the goods are only packed and "put on sale" by such person, which was exactly what was done by appellant in this case, as all the goods sold by appellant were put in wrappers marked with the label "Groceteria" to distinguish the goods so sold by appellant.

Respondent's second assertion is based on the ground that the word "groceteria" is descriptive of the grocery business, and therefore is not such a word as could become the subject of a trade-mark. It would seem that the statute above quoted would be controlling here and answer this argument contrary to respondent's contention; but in any event, we think this argument without merit, since neither the word "groceteria," nor any syllable, nor any successive syllables thereof, constitutes any word in the English language, and it is admitted that appellant was the first to use this word. It is, therefore, a fictitious or fanciful and original name and appropriate for a trade-mark label, so far as this contention is concerned, and

respondent has pirated that word.   Paul, Trade-Marks, § 49 ; Sebastian, Trade Marks, pp. 55-64.

Respondent's argument that "Pacific Groceteria" is not an infringement of appellant's alleged trade-mark "Groceteria No. 1," etc., because these terms are not identical, is completely answered in *Rosenburg v. Fremont Undertaking Co.*, 63 Wash. 52, 114 Pac. 886, wherein this court said:

"Nor need one trade-name, in order to be an infringement upon another, be exactly like it in form and sound.   It is enough if the one so far resembles the other as to deceive persons of ordinary caution into the belief that they are dealing with the one concern when they use the name of the other."

Relying on the rule announced in *Eastern Outfitting Co. v. Manheim*, 59 Wash. 428, 110 Pac. 23, 35 L. R. A. (N. S.) 251, respondent asserts that, as appellant has established no place of business in the city of Tacoma and has done no business there, it is not entitled to the exclusive use of the word "groceteria" in that community.   It is true in *Eastern Outfitting Co. v. Manheim* we held that the fact to be ascertained was, What is the market of the complaining party? and his protection in the use of his trade-name is coextensive with his market.   The court then found that the plaintiff's place of business was in Seattle, and it was doing no business whatever in Spokane, and was therefore not entitled to the use of the trade-name in Spokane as against defendant who had, at a large expense, established a business in Spokane.   The rule as laid down in the *Eastern Outfitting Co.* case, *supra*, in any event, is not applicable here, as it is alleged in the complaint and admitted by the demurrer that appellant is doing business with the people of Tacoma, which makes Tacoma a part of its market.

It is not here intended to enjoin and prohibit the method of doing business pursued by respondent, but only the piratical use of the trade-name or trade-mark and label "groceteria" within the state.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent herewith.

MORRIS, C. J., MOUNT, PARKER, and FULLERTON, JJ., concur.