## JUVENILE SHOE CO., Inc., v. FEDERAL TRADE COMMISSION.

(Circuit Court of Appeals, Ninth Circuit.  May 14, 1923.)

No. 3927.

1. **Trade-marks and trade-names and unfair competition ⟷70(1)—Adopting similar name and trade-mark under which to market inferior goods warrants injunction.**

Where a corporation engaged in the manufacture and sale of children's shoes adopted for its corporate name the name "Juvenile Shoe Company," and adopted a trade-name or design resembling the registered trade-mark of the "Juvenile Shoe Corporation," a competitor manufacturing a higher grade of shoes, such conduct was ample justification for an order of the Federal Trade Commission commanding and enjoining the former company to desist from such unfair competition.

2. **Trade-marks and trade-names and unfair competition ⟷69—Injunction will lie to restrain unfair competition, irrespective of intent to mislead.**

Injunction will lie against a corporation that by any artifice deceives the public into believing that its goods are those of another corporation having a similar name, and this is true irrespective of any intent to mislead the public, and especially is it true where the corporation are engaged in the same business.

3. **Trade-marks and trade-names and unfair competition ⟷71—Name not subject to appropriation may be entitled to protection as trade-name.**

While the word "Juvenile" may not be susceptible of appropriation as a trade-mark for shoes, yet a corporation which has adopted that name under which to market shoes manufactured by it is entitled to protection against the use of such name as a trade-name by a competitor in the same line of business dealing in the same class of goods.

4. **Trade-marks and trade-names and unfair competition ⟷84—That unfair competition has ceased no ground for refusing order to cease unfair methods.**

An order of the Federal Trade Commission, requiring a manufacturer of shoes to cease the use of its corporate trade-name and labels because of similarity to the corporate name and trade-name and label of a competing corporation, will not be disturbed because of proof that the corporation restrained has ceased the use of the obnoxious label; such proof not being such assurance that the use of the labels will not be resumed in the future as to not warrant the issuance of injunction.

Petition to Review Order of Federal Trade Commission.

Proceeding by the Juvenile Shoe Company, Inc., against the Federal Trade Commission, to review an order of the Commission requiring petitioner to desist from the use of its corporate name, and enjoining it from certain other acts of unfair competition.  Order affirmed.

⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petitioner seeks to review the order entered against it by the respondent, commanding it to desist from certain methods of competition in commerce. The respondent's complaint alleged that the petitioner was organized on May 26, 1919, at Los Angeles, Cal., to sell children's shoes exclusively at wholesale in California and in adjacent states; that the Juvenile Shoe Corporation of America was organized in Missouri on June 8, 1918, to manufacture and sell children's shoes exclusively throughout the United States in interstate commerce in competition with others similarly engaged; that it has built up an extensive business in the sale of its product in California and adjacent states, and that its shoes are of greater value and of superior quality and sell for higher prices than the petitioner's shoes; that the petitioner's corporate name so nearly resembles the corporate name of said Juvenile Shoe Corporation, and its trade-name or design so nearly resembles the registered trade-mark of the Juvenile Shoe Corporation, that it causes confusion in the trade, and thereby induces purchasers of children's shoes to believe that the shoes offered for sale by the petitioner are the shoes manufactured by the Juvenile Shoe Corporation; that the trade-mark of the latter corporation is "Juvenile Shoe System," used by it since January 1, 1919, and registered November 30, 1920; .that since January 1, 1919, the Juvenile Shoe Corporation used its trade-mark displayed as a wax seal, and this seal was employed by it by means of a label placed on the cartons in which the shoes were sold, and by tags attached directly to the shoes, and by means of a design on the soles of the shoes; that the petitioner put upon the boxes in which its shoes are packed a circular label, containing the face of a child, surrounded by the words "Juvenile Shoe Company, Inc.," which so resembled the trade-mark of the Missouri corporation as to be likely to cause confusion in the trade and deceive purchasers.

The answer of the petitioner admitted that the shoes sold by the Missouri corporation were of superior quality to those sold by itself. Upon the pleadings and the proof, the respondent made findings and held that the petitioner had violated the provisions of section 5 of the Act of Congress approved September 26, 1914 (Comp. St. § 8836e), creating the Federal Trade Commission and defining its powers and duties, and it ordered that the petitioner, its officers, directors, agents, and employees, cease and desist that (1) from using as a part of its corporate name the word "Juvenile," or any word or combination of words likely to be confused with the name of the Juvenile Shoe Corporation of America; (2) from using or permitting to be used in its behalf the word "Juvenile" on its marks, labels, tags, or other devices upon or in connection with the sale of shoes for infants, children, and misses; and (3) from directly or indirectly suggesting by the use of a word, mark, or label or otherwise that the goods of the petitioner are the goods of the Juvenile Shoe Corporation of America.

Fred Mansur, of Los Angeles, Cal., for petitioner.

W. H. Fuller, Charles M. Neff, and Eugene W. Burr, all of Washington, D. C., and D. N. Dougherty, of San Francisco, Cal., for respondent.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The record fully justifies the order of the Federal Trade Commission enjoining the use of the petitioner's corporate name. The petitioner went into the business of manufacturing and selling children's shoes and took a name so similar to a senior corporation that was engaged in precisely the same business and in the same field that confusion of the two corporations in the public mind was inevitable. The names "Juvenile Shoe Corporation" and "Juvenile Shoe Company, Inc.,"

are practically identical. The reported cases in which injunction has been sustained against the use of a corporate name afford few instances of names so similar and so likely to create confusion as those which these two corporations used. In assuming its name, a corporation acts at its peril. American Order Scottish Clans v. Merrill, 151 Mass. 558, 24 N. E. 918, 8 L. R. A. 320; Metropolitan Tel. Co. v. Metropolitan Tel. Co., 156 App. Div. 577, 141 N. Y. Supp. 598. Injunction will lie against a corporation that by any artifice deceives the public into believing that its goods are those of another corporation having a similar name; and this is true irrespective of any intent to mislead the public, and especially is it true where the corporations are engaged in the same business. General Film Co. of Mo. v. General Film Co. of Me., 237 Fed. 64, 150 C. C. A. 266; Nat. Circle Daughters of Isabella v. Nat. Order D. I. (C. C. A.) 270 Fed. 723.

[3] Nor are we convinced that this court should modify that portion of the order here under review which forbids the petitioner to use the word "Juvenile" on its marks, labels, and tags in connection with the sale of children's shoes, and from suggesting by word, mark, label, or otherwise that its goods are the goods of the Juvenile Shoe Corporation. The Federal Trade Commission found as a fact that the use of the word "Juvenile" as it was employed by the petitioner caused confusion and led purchasers to believe that the petitioner's goods were those of the Juvenile Shoe Corporation. It is not asserted that the Juvenile Shoe Corporation has the exclusive right to the word "Juvenile" as applied to shoes, but we think it has a proprietary and exclusive right to the good will which it has created by its dealing and its advertising with the purchasing public, as well as by the superior quality of its shoes, and that the use of the word "Juvenile" by the petitioner on its shoes, has, as the Trade Commission finds, tended to create the false impression that the goods sold by the petitioner were the goods of the Juvenile Shoe Corporation and while it may be that the word "Juvenile" is not susceptible of appropriation as a trademark, the right to its use as a trade-name may still be protected against the unfair competition which might result from the use of the same trade-name by another corporation, where both are engaged in the same trade, dealing in the same class of goods and in actual competition with one another, Pillsbury-Washburn Flour-Mills Co. v. Eagle, 86 Fed. 608, 30 C. C. A. 386, 41 L. R. A. 162; Straus v. Notaseme Co., 240 U. S. 179, 36 Sup. Ct. 288, 60 L. Ed. 590; G. W. Cole Co. v. American Cement & Oil Co., 130 Fed. 703, 65 C. C. A. 105; N. K. Fairbank Co. v. Luckel King & Cake Soap Co., 102 Fed. 327, 42 C. C. A. 376; Stark v. Stark Bros. Nurseries & Orchards Co., 257 Fed. 9, 168 C. C. A. 221.

[4] It is contended that, since the petitioner has ceased the use of a label on the cartons in which its shoes are packed and sold, an order to cease placing such labels on the cartons is not warranted; but it does not follow that the order should be dissolved. The Juvenile Shoe Corporation is not bound to accept the fact of the disuse of the labels as proof that the use will not be resumed in the future, and the mere fact that the petitioner has ceased such use is no reason why in-

junction should not issue, Sears, Roebuck & Co. v. Federal Trade Commission, 258 Fed. 307, 169 C. C. A. 323, 6 A. L. R. 358; Saxlehner v. Eisner, 147 Fed. 189, 77 C. C. A. 417.

The order of the Federal Trade Commission is affirmed.