[Civ. No. 4677.  First Appellate District, Division Two.—December 14, 1923.]

## GEORGE H. BENIOFF et al., Respondents, v. DAVID BENIOFF et al., Appellants.

[1] TRADE NAME—PRIOR USE—EQUITY—INJUNCTION.—In the interest of fair dealing, courts of equity will protect the person first in the field doing business under a given name to the extent necessary to prevent deceit and fraud upon his business and upon the public; and for this purpose the second comer may be enjoined from using the name, even though the principal places of business are at a considerable distance from each other.

[2] ID.—PERMISSION TO USE—CONSIDERATION—REVOCATION.—Where a person doing business under a given name authorizes another to use such name at a different location, but no consideration is paid for such permission, and it is intended and understood by both parties that such permission is a personal privilege or license, which may not be transferred to others, such permission or consent, if not acted upon, is subject to revocation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred Horowitz for Appellants.

Fred L. Dreher for Respondents.

NOURSE, J.—Defendants appeal from a judgment enjoining them from engaging in the fur business in the state of California under the name of Hudson Bay Fur Company, or any similar name, claiming that the judgment is erroneous "in so far as it prohibits the defendants from engaging in the fur business in Los Angeles" under that name. The action is not based on the ground that plaintiffs have any trademark or exclusive right to the name, but is predicated on the common-law right to protection against unfair competition in trade.

2. Territorial extent of right to trade name, notes, 5 Ann. Cas. 560; Ann. Cas. 1914C, 931; 2 L. R. A. (N. S.) 964; 35 L. R. A. (N. S.) 251; L. R. A. 1916D, 143.

The plaintiffs, who are husband and wife, have, since about June 1, 1915, conducted a fur business in San Francisco under the name of Hudson Bay Fur Company. They at first operated through a corporation and continued, as partners, under the same name after its voluntary dissolution March 15, 1918, the business at all times being under the exclusive management of plaintiff George Benioff. At the time the business was commenced no other person, firm, or corporation was transacting any business in the state of California under the name of Hudson Bay Fur Company, and their right to the use of the name is unquestioned.

The evidence shows, among other things, that from a small retail business in 1915, with its debts exceeding its assets, the Hudson Bay Fur Company developed into an extensive and profitable general wholesale and retail fur business, carrying a stock worth from $110,000 to $125,000 cost price, with the annual sales amounting to from about $300,000 to $400,000. That the main store was maintained in San Francisco, with a branch in Oakland. That the business included "repairing, making up and handling of furs, tanning and so forth. Anything and everything in the fur line, pertaining to furs"; dealing in raw skins, and buying and selling all kinds of furs and fur garments. That the business was extensively advertised through the medium of newspapers (chiefly San Francisco and Oakland), circulars and catalogues. That the circulars and catalogues were mailed throughout the state as far south as Bakersfield, but no attempt was made to advertise locally in Los Angeles. That the catalogues solicited a mail order business. That all the garments from their stores, both repaired and new, were labeled with the name of Hudson Bay Fur Company. The evidence further shows that, through their advertising, sales were made to people outside of the state in addition to those within; that within the state sales were made to people both north and south of San Francisco, including Los Angeles and points south thereof; that a portion of this business was sent out on mail orders. Plaintiffs were considering opening a store in Los Angeles and to that end, in January or February, 1921, had their attorney in Los Angeles investigate certain property there for the purpose of leasing. Plaintiff George Benioff and the individual defendants are brothers. Defendants David Benioff and Fred

Benioff are engaged in the wholesale fur business in San Francisco under the name of Benioff Bros. In June, 1921, defendants, without the knowledge or consent of plaintiffs, incorporated under the name of Hudson Bay Fur Company. The incorporation was effected by the attorney above referred to who had a few months previously acted for plaintiffs in investigating a Los Angeles location. He had also at various times, among other matters, represented plaintiffs in preventing others in the southern part of the state from using that or a similar name, of which defendant David Benioff was aware. The articles of incorporation, which were filed with the county clerk of Los Angeles County on June 8, 1921, named Los Angeles as its principal place of business and stated its purpose was to engage in the fur business. Plaintiffs first learned of the organization of the corporation November 23, 1921. They immediately objected and offered to reimburse defendants for all expenses incurred in incorporating. Defendants refused the offer and plaintiffs filed this suit.

Appellants' main contention is that respondents' business is confined principally to the San Francisco bay district and that their market does not extend to Los Angeles; that, therefore, any business conducted by appellants in Los Angeles would not be in competition with respondents at all, and hence could not be *unfair* competition. They then argue that the right to protection of a trade name does not extend beyond the market of the person claiming the same, and that, therefore, respondents are not entitled to protection against the use by others of their trade name in Los Angeles.

We agree with the rule stated by appellants, but in its application they have assumed a state of facts directly contrary to the findings of the trial court. The findings are in part to the effect that plaintiffs' business extends over the whole of the state of California and that they have customers in all the principal cities of the state; that the business conducted by the said plaintiffs has been and is known to all persons dealing with them and throughout the whole of the state of California as the Hudson Bay Fur Company; "that as a result of the care, attention, skill and strict adherence to their said business and through their honesty and fair dealing the said plaintiffs have under the name of Hudson

Bay Fur Company established throughout the state of California a wide and honorable reputation as a fair and reliable business and firm to deal with and the said plaintiffs under said trade name now enjoy throughout the whole of the state of California, and elsewhere, a good reputation and credit." The court further finds that "the said defendants organized the said defendant corporation under the name and style of Hudson Bay Fur Company with the intention of engaging in business under the said firm name to trade on the credit and reputation of the said plaintiffs, to pass off their goods as those of the plaintiffs herein, and to deceive the public into believing that the business conducted or to be conducted by the said defendant corporation was the business or a part of the business conducted, owned and controlled by the plaintiffs herein"; that it is not true that defendants intended to engage in business solely in the county of Los Angeles or that if they do engage in business solely in the county of Los Angeles they will not be competing with plaintiffs; and that defendants intended to engage in the fur business in competition with plaintiffs.

We are satisfied upon reviewing the evidence that it supports these findings, and that the two concerns, engaged in the same character of business, under identical names, would be competing for the same patronage. It can scarcely be doubted that this would result in deceiving and confusing the public to respondents' detriment. This is held to be unfair competition. [1] In the interest of fair dealing, courts of equity will protect the person first in the field doing business under a given name to the extent necessary to prevent deceit and fraud upon his business and upon the public. (*Yellow Cab Co. of San Diego* v. *Sachs,* 191 Cal. 238 [216 Pac. 33].) For this purpose the second comer may be enjoined from using the name (*Morton* v. *Morton,* 148 Cal. 142 [1 L. R. A. (N. S.) 660, 82 Pac. 664]; *Dodge Stationery Co.* v. *Dodge,* 145 Cal. 380 [78 Pac. 879; *Hainque* v. *Cyclops Iron Works,* 136 Cal. 351 [68 Pac. 1014]; *Bissell Chilled Plow Works* v. *T. M. Bissell Plow Co.,* 121 Fed. 357; *Ball* v. *Best,* 135 Fed. 434; *Juvenile Shoe Co.* v. *Federal Trade Commission,* 289 Fed. 57); and this is true even though, as in this case, the principal places of business are at a considerable distance from each other. (*Bissell Chilled Plow Works* v. *T. M. Bissell Plow Co.,* 121 Fed. 357, 371;

*Northwestern Knitting Co.* v. *Garon,* 112 Minn. 321 [128 N. W. 288, 291] ; *Ball* v. *Best,* 135 Fed. 434 ; *Juvenile Shoe Co.* v. *Federal Trade Commission,* 289 Fed. 57.)

[2] The second point made by appellants is that, if respondents ever had any right to use the trade name referred to in Los Angeles, they lost it by giving David Benioff the right to use the name in Los Angeles, and that such permission amounted to a gift and could not be revoked.

The permission relied on is contained in the following letter which respondent George Benioff wrote to his attorney in Los Angeles, heretofore referred to, on March 14, 1918, the day before the dissolution of the corporation Hudson Bay Fur Company under which respondents were at that time conducting business: "Dear Cousin Fred: Will you kindly file a notice with the County Clerk that David Benioff will use the name of Hudson Bay Fur Co. You know what I mean, some one else wants to use the name, and as Dave may want to open a store in Your City, I want to protect him. You can give uncle's address as temporary, or any other it won't matter, just so that no one else will use that name. . . . " Pursuant to this letter a certificate of doing business under a fictitious name was prepared on behalf of David Benioff and filed with the county recorder of Los Angeles County on or about August 17, 1918. No business was ever transacted by appellant David Benioff, or any of the appellants, in Los Angeles or elsewhere under the name of Hudson Bay Fur Company. No consideration was given by David Benioff or received by respondents for permission to use said name. Subsequently, about June 21, 1919, and thereafter on many occasions, respondent George Benioff told David Benioff that he could not use the name in Los Angeles or elsewhere. Respondent George Benioff testified regarding his reasons for writing the above-quoted letter to his attorney that he and appellant David Benioff had previously discussed going in business in Los Angeles together; that the letter was written the day before the dissolution of the Hudson Bay Fur Company, the corporation under which respondents had been conducting business; that he was advised that unless such certificate was filed, anyone could go down to Los Angeles and use the name, and the certificate was filed to prevent anyone

else appropriating the name in Los Angeles; that this was prior to the time that they had expanded their business through the state to the extent that they now have done.

It is clear from the evidence that both George and David Benioff understood that the former did not intend this permission to extend to anyone other than David Benioff; that he did not intend that anyone else should use the name; and consequently that he did not intend to give David Benioff any right in the name which could be transferred to others. In other words, it appears to have been intended and understood by both parties merely as a personal privilege or license to David Benioff alone, which, however, he never acted upon, and for which no consideration was paid. As such it was subject to revocation, and the trial court found that the respondents did so withdraw said consent and permission.

Judgment affirmed.

Sturtevant, J., and Langdon, P. J., concurred.