GOOD HOUSEKEEPING SHOP v. SMITTER.

1. TRADE-MARKS AND TRADE-NAMES—UNFAIR COMPETITION.
Each case of unfair competition is determined upon its own facts, and relief is based upon principles of common business integrity.

2. SAME—ACTUAL COMPETITION NECESSARY.
Essential point of unfair competition is actual competition, shown from specific instances or as a natural tendency of defendant's act.

3. SAME—INJUNCTION—UNFAIR COMPETITION.
Corporation operating chain stores under trade-name is not entitled to enjoin partnership's use of same trade-name, where nearest store is 100 miles away, there is no · actual competition, no natural tendency to competition, and even possibility of competition is remote; and other circumstances usually attending unfair competition are absent.

4. SAME—NO MONOPOLY OF USE OUTSIDE OWN MARKET.
Trade name or mark, unlike patent, carries no monopoly of use beyond market of person claiming it.

5. SAME—USE OF CELEBRATED NAME BY ANOTHER MAY BE ENJOINED WHEN PUBLIC IS DECEIVED.
Where outstanding and widely-known name, made. valuable by owner, is being pirated for purpose of deceiving public,

---

Right to, protection against use of trade-mark or trade name beyond the territory in which plaintiff operates, see annotation in 36 A. L. R. 922.

its use may be enjoined even in territory where owner did not have established place of business and there is no actual competition.

6. Same—Injunction Not Warranted Where Public Not De-CEIVED.

Corporation using trade-name which has not .attained great celebrity is not entitled to enjoin partnership's use of same name in territory where corporation has no place of business, and where public is not deceived into believing that when trading with partnership they are trading with corporation.

7. Same—Injunction Not Warranted On Ground of Potential Expansion.

Corporation operating chain stores under trade-name is not entitled to enjoin partnership's use of same name 100 miles away on ground of modern business tendencies and that it is entitled to protection within field of potential expansion; especially where name adopted had been made valuable by another.

8. Corporations—Right to Name—Unfair Competition.

In absence of statute, one corporation could take name of another, unless prohibited under doctrine of unfair competition (2 Comp. Laws 1929, § 9955).

9. Trade-Marks and Trade-Names—Corporations—Unfair Com-PETITION.

There being no statutory prohibition against use of corporation's name by partnerships or individuals, rules of unfair competition are controlling.

10. Corporations—Use of Name.

Right of corporation to use of its name is same as that of individual.

11. Same—State Merely Authorizes Use of Name—Does Not Adjudge it Legal.

When State grants charter to corporation, it merely authorizes use of name in legal manner, but it does not adjudge name to be legal, nor decree that its use throughout State will be lawful.

12. Same—Monopoly of Name—Unfair Competition.

Corporation is entitled to monopoly of its name only so far as justified by doctrine of unfair competition.

13. Trade-Marks and Trade-Names—Corporations—Unfair Competition—Injunction.

> If corporation takes and uses business name of partnership or individual in manner resulting in unfair competition, court will restrain it, or if it already has similar name, corporation will be prohibited from invading territory of partnership or individual.

Appeal from Kent; Brown (William B.), J. Submitted April 17, 1931. (Docket No. 135, Calendar No. 35,571.) Decided June 1, 1931.

Bill by the Good Housekeeping Shop, a Michigan corporation, against Jacob E. Smitter and another, doing business as the Good Housekeeping Shop to enjoin the use of said name. Bill dismissed. Plaintiff appeals. Affirmed.

*Anderson, Wilcox, Lacy & Lawson* (*Dunham, Cholette & Allaben,* of counsel), for plaintiff.

*Eerde W. Hoogsteen,* for defendants.

Fead, J. This is a suit by plaintiff, a Michigan corporation of Detroit, to enjoin defendants, a partnership of Grand Rapids, from using the name "The Good Housekeeping Shop." Defendant Smitter has since purchased his partner's interest and continues the business under the same name.

Good Housekeeping is probably the foremost household magazine in the country. It maintains a Good Housekeeping Institute which tests household devices and advertises approval of those found worthy. It has no part in their vending, but, because of the integrity and great circulation of the magazine, its approval is very valuable. Recognizing this, several stores throughout the country have

adopted the name used by the parties to this suit. The Easy Washer is one of the approved devices.

Plaintiff began business as a partnership in Detroit in 1919, incorporated in 1920, and expanded its business until, when defendants took the name, it had six branch stores in Detroit, others at Mt. Clemens (established in 1922), Flint (1923), Pontiac (1924), Hamtramck (1926), Port Huron (1928), Ann Arbor (1928, but under the name of Easy Washer Shop), and had formed a Canadian corporation to conduct a store at Windsor, Ontario. It has exclusive agency for the Easy Washer in its territory. The washer is its principal article of sale. It handles a number of the other larger household devices of national market, some of which bear the approval of the Good Housekeeping Institute. It does a gross business of $2,000,000 per year, the approved articles representing about 75 per cent. It spends large sums in advertising in Detroit newspapers and by radio. Some of the advertising is national, in the respect that part of the expense is paid by manufacturers, and some is local to plaintiff. The newspapers have some circulation in Grand Rapids and the radio can be heard there.

Plaintiff's advertisements are directed to the trade of its own territory. It has made no attempt to advertise or seek business in the Grand Rapids district. The testimony does not indicate that, by unusual methods of business or otherwise, it has acquired a distinctive personality which has projected itself beyond the immediate range of its trade. The natural tendency of the name selected by it would be to render it more difficult for plaintiff to attain a wide personal reputation because of the greater celebrity of the magazine. There was no evidence or tendency to indicate that plaintiff is so

well known in Grand Rapids that persons dealing with defendant would think they were dealing with plaintiff.

In 1928 defendant and his partner established their store at Grand Rapids, with exclusive agency of the Easy Washer in Kent county, selling articles approved by Good Housekeeping Institute, and other goods. In general, the goods are of the same class as plaintiff handles, but not wholly. When they took the name, they knew of plaintiff and also of other similar stores and thought the Good Housekeeping appellation would be a valuable asset. If defendant has had any benefit from plaintiff's advertisement, it has been accidental and casual.

Plaintiff relies on the doctrine of unfair competition, the general rules of which are well known and uniformly established. 38 Cyc. p. 756; 26 R. C. L. p. 875. Each case is determined upon its own facts and relief is based upon the principles of common business integrity. 26 R. C. L. p. 881. An essential point here is that, in order that there may be unfair competition, there must be actual competition, shown from specific instances or as a natural tendency of defendant's act. 38 Cyc. p. 760; 26 R. C. L. p. 876; 25 L. R. A. 190; 2 L. R. A. (N. S.) 964, note; 36 A. L. R. 919, note.

There has been no actual competition between plaintiff and defendant. Plaintiff's nearest store is 100 miles from defendant's. Neither has mail order business in the territory of the other. Neither has discovered an instance of overlapping trade.

Nor is there a natural tendency to competition. In fact, even the possibility is remote. In the sale of their principal article, each is restricted by the manufacturers to definite territorial limits. The other articles are well known, widely sold, handled

by other merchants in the cities where plaintiff and defendant operate, and in other cities and villages lying between. There is no reason why a purchaser in the territory of either should buy from the other.

A trade name or mark, unlike a patent, carries no monopoly of use beyond the market of the person claiming it. *Benioff* v. *Benioff*, 64 Cal. App. 745 (222 Pac. 835); *Hanover Star Milling Co.* v. *Metcalf*, 240 U. S. 403 (36 Sup. Ct. 357); *Ball* v. *Broadway Bazaar*, 121 App. Div. 546 (106 N. Y. Supp. 249); *Rice & Hutchins* v. *Vera Shoe Co.* (C. C. A.), 290 Fed. 124. An exception to the rule has been made where an outstanding and widely known name, made valuable by the owner (*i. e.*, Hudson Bay Company), was pirated for the purpose of deceiving the public in a territory where the company did not have an established place of business and where it was claimed there was no actual competition. *Governor & Company* v. *Hudson Bay Fur Co.*, 33 Fed. (2d) 801.

Plaintiff has not attained the necessary personal celebrity to warrant application of this exception nor did defendant take the name for the purpose of deceiving the public into believing that when trading with him they were trading with plaintiff.

It may be added that the other circumstances usually attending unfair competition are absent. There has been no confusion in the affairs of the parties, no deception of the public, no invasion of plaintiff's business by defendant, no past injury to plaintiff, nor damage to it in prospect.

Plaintiff, however, argues for "protection within the field of potential expansion" on the ground of modern business tendencies.

We may recognize the modern tendency to establish chain stores. Whatever their economic effect,

chain stores have neither legal virtue nor vice different from any other business. They may be established and expand in a lawful manner, but they cannot demand that the rights of partnerships or persons shall be circumscribed in their favor. The doctrine of unfair competition affords full protection against the wrongs of competitors. Neither corporations nor individuals can expect favoritism from the law.

The facts here lend no support to the contention. While plaintiff states it has a plan of expansion which includes the opening of a store in Grand Rapids, the plan is not definite as to time, and, upon present considerations, it would not establish such store unless it could obtain the local exclusive agency for the Easy Washer, now held by defendant. Stripped of fine words, the prayer is for a monopoly of the name, made valuable by another, when no element of unfair competition justifies it and the law on the subject denies the right to it.

The language in *Rice & Hutchins* v. *Vera Shoe Co., supra,* involving a kindred subject, is pertinent:

"The adoption of a trade-mark does not project the right of protection in advance of the extension of the trade, or operate as a claim of territorial rights over areas into which it thereafter may be deemed desirable to extend the mark owner's trade."

See, also, *Ambassador Hotel Corp.* v. *Hotel Sherman Co.,* 226 Ill. App. 247.

Plaintiff's final contention is that incorporation gives it the exclusive right to use of the name in this State.

Under 2 Comp. Laws 1929, § 9955, no other domestic corporation of this State may take the same or a similar name. Were it not for the statute, an-

other corporation could take the name unless prohibited under the doctrine of unfair competition. *Nebraska Loan & Trust Co.* v. *Nine,* 27 Neb. 507 (43 N. W. 348, 20 Am. St. Rep. 686). There being no statutory prohibition against its use by partnerships or individuals, the rules of unfair competition are controlling.

The right of a corporation to the use of its name is the same as that of an individual. 38 Cyc. p. 819; 26 R. C. L. pp. 860, 887; *Armington* v. *Palmer,* 21 R. I. 109 (42 Atl. 308, 43 L. R. A. 95, 79 Am. St. Rep. 786). When a State grants a charter to a corporation, it merely authorizes the use of the name in a legal manner. The incorporators select the name. The State does not adjudge it to be legal, nor decree that its use throughout the State will be lawful. *Children's Bootery* v. *Sutker,* 91 Fla. 60 (107 South. 345, 44 A. L. R. 698). The corporation is entitled to monopoly of the name only so far as justified by the doctrine of unfair competition. 38 Cyc. p. 726.

If a corporation takes and uses the business name of a partnership or individual in a manner which results in unfair competition, the court will restrain it. *Children's Bootery* v. *Sutker, supra;* 16 Ann. Cas. 596, note; 26 R. C. L. p. 888; or, if it already has a similar name, the corporation will be prohibited from invading the territory of a partnership. *Eastern Outfitting Co.* v. *Manheim,* 59 Wash. 428 (110 Pac. 23, 35 L. R. A. [N. S.] 251). Counsel attack the latter case, but it was distinguished without disapproval in *Groceteria Stores Co.* v. *Tibbett,* 94 Wash. 99 (162 Pac. 54; L. R. A. 1917 C, 955).

So, a corporation cannot enjoin the use of a similar name by another corporation (in the absence of statute) or by a partnership or person where the

business of the latter does not encroach upon the trade of the former and constitute unfair competition. 26 R. C. L. pp. 887, 889; 35 L. R. A. (N. S.) 251, note; *Bingham School* v. *Gray,* 122 N. C. 699 (30 S. E. 304, 41 L. R. A. 243).

Decree dismissing the bill is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.