[No. 14475.  Department One.  March 15, 1918.]

NEW YORK LIFE INSURANCE COMPANY *et al.,*
*Respondents,* v. ORPHEUM THEATER
& REALTY COMPANY *et al.,*
*Appellants.*[1]

TRADE-MARKS— UNFAIR COMPETITION — PRIOR USE OF NAME — CONTRACT.  A contract with the "Orpheum" circuit company for seven years' use of a building, does not amount to license for the use of the name "Orpheum," which would end on termination of the contract, where, long prior to the making of the contract, the lessees had used the name to designate their theater.

SAME—ABANDONMENT OF NAME.  The prior right to the use of the name "Orpheum Theater" was not abandoned by four months' delay after closing the "Orpheum" before transferring it to another of different name owned by the same parties, where it was at all times the intention to preserve the right to use the name.

SAME—UNFAIR COMPETITION—INJUNCTION.  Injunction lies to prevent the use of electric signs tending to lead the public to believe that defendants' theater was the "Orpheum" theater (to which plaintiff had a prior right) rather than to a theater in which Orpheum Circuit vaudeville was being given.

SAME—DAMAGES.  Substantial damages cannot be given on suppressing unfair competition in the use of the name of a theater, where the evidence of damage was speculative and indefinite.

Cross-appeals from a judgment of the superior court for King county, Jurey, J., entered January 18, 1917, in favor of the plaintiffs, in an action for an injunction, tried to the court.  Affirmed.

[1]Reported in 171 Pac. 534.

*Tucker & Hyland,* for appellants.

*Winfield R. Smith, Miller & Lysons,* and *Peters & Powell,* for respondents.

WEBSTER, J.—From 1903 to April 3, 1908, Timothy D. Sullivan and John W. Considine, the organizers and owners of substantially all of the capital stock of Sullivan & Considine, a corporation, held under lease and operated through the medium of a corporation known as the Orpheum Theater Company, a small theater on a portion of what is now the site of the Leary building, in the city of Seattle, which was named by them, and known to the public as, the Orpheum theater. On the last named date, the theater was closed in order that the building in which it had been conducted could be razed preparatory to the erection of the Leary building. Prior thereto and until the latter part of July or the forepart of August, 1908, Sullivan & Considine also operated a theater known as the Coliseum, at Third avenue and James street, on a part of what is the present site of the city-county building, at which time its name was changed to the Orpheum theater, under which name it was operated until 1911, when a modern theater building erected by them at Third avenue and Madison street was completed, equipped and furnished. The name "Orpheum" was given to the new theater, it being engraved on an onyx tablet permanently built in over the main entrance to the theater, and otherwise prominently displayed on the building.

On January 20, 1908, an agreement was made between Sullivan & Considine, as party of the first part, Martin Beck, as party of the second part, and the Orpheum Circuit Company, as party of the third part, whereby the first party agreed to organize a corporation to be engaged exclusively in the business of conducting one high-class vaudeville theater in the city of

Seattle, forty per cent of the capital stock of which to be delivered to the second party. The first party further agreed to obtain for the corporation a theater building suitably located and equipped for the presentation of such vaudeville performances, for which a reasonable rental was to be paid by the corporation. The second and third parties, for a stated consideration, were empowered to book all acts and attractions to be given in the theater during the life of the agreement.

Pursuant to this contract, Sullivan & Considine organized the Seattle Orpheum Company, the corporation therein provided for, and issued and delivered to Beck forty per cent of the capital stock thereof, retaining the remainder. They also sublet to the Seattle Orpheum Company the theater building theretofore operated as the Coliseum theater, in which the vaudeville performances stipulated in the contract were given. Upon the completion of the theater building at Third avenue and Madison street in 1911, it was leased by Sullivan & Considine to the Seattle Orpheum Company, where the entertainments were thereafter given until the contract was terminated in 1915.

For many years prior to January 20, 1908, the Orpheum Circuit Company and its predecessors in interest, to whose rights the appellant Orpheum Theater & Realty Company has succeeded, owned and controlled a circuit of vaudeville theaters in many large cities of the United States and the Dominion of Canada, designated and known to the public as the "Orpheum Circuit," in which theaters high-class vaudeville entertainment was presented. No such attractions, however, had been given in the city of Seattle prior to the making of the agreement above referred to, and none were thereafter exhibited in that city during the life of the contract, except in accordance with the pro-

visions of such contract; nor had the name "Orpheum" been used in the city of Seattle for the purpose of designating vaudeville attractions, or as the name of any theater situate therein, prior to the making of the above mentioned contract, except as the name had theretofore been used and applied by Sullivan & Considine in the manner hereinbefore stated.

On June 24, 1915, after the cancellation of the contract of January 20, 1908, the Seattle Orpheum Company sublet the Orpheum theater to the appellant Orpheum Theater & Realty Company for the season of 1915-16, during which time the attractions booked by the appellant from its Orpheum Circuit were exhibited.

Upon the termination of the sublease, the Orpheum Theater & Realty Company leased the Alhambra theater, located at Fifth avenue and Pine street, to which it transferred all Orpheum Circuit vaudeville performances, the Orpheum theater at Third avenue and Madison street being leased to respondent Thomas Wilkes, who thereafter, through the stock company known as "Wilkes Players," produced theatrical plays therein.

On September 20, 1916, respondents commenced an action in the superior court to enjoin appellants from naming, describing or in anywise designating the Alhambra theater by any name in which the word "Orpheum" is an essential, conspicuous or prominent part, or by displaying advertisements calculated to lead the public to call or know that theater by the name "Orpheum," and for damages in the sum of $5,000 for the alleged wrongful acts of the defendants in the use of such name.

Upon the trial, the court entered a decree enjoining the appellants from so using the name "Orpheum" in connection with any theater in the city of Seattle as to lead the public to know such theater by the name

"Orpheum," or to confuse the same with plaintiffs' Orpheum theater at Third avenue and Madison street, and specifically ordered defendants to remove from the theater at Fifth avenue and Pine street two large electrically lighted street signs bearing the word "Orpheum." The decree, however, reserved to defendant Orpheum Theater & Realty Company the right to use the word "Orpheum" as descriptive of the vaudeville attractions produced by it, provided such use is not inconsistent with or in violation of the injunctive relief granted. Nominal damages in the sum of one dollar was awarded the plaintiffs. The defendants have appealed from the portion of the decree awarding the injunctive relief, and the plaintiffs from that portion thereof denying the claim for substantial damages.

Appellant Orpheum Theater & Realty Company disputes respondents' right to the exclusive use of the word "Orpheum" as the designation of their theater at Third avenue and Madison street, upon the grounds, first, that the theater was so named by license or permission of its predecessor and that the privilege had been revoked; and second, that the theater was operated by a copartnership composed of Sullivan & Considine and the Orpheum Theater & Realty Company's predecessor, and that, upon the termination of the contract of January 20, 1908, the right to use the word "Orpheum" reverted to it. It is further insisted that, even though the general injunction was proper, the court erred in directing the removal of the electric signs. Of these contentions briefly in the order stated.

From what has already been said, it clearly appears that the prior right of respondents to use the name "Orpheum" to designate and identify their theater was acquired long prior to the execution of the Janu-

ary 20, 1908, contract, hence appellant could not have licensed its use by respondents. Moreover, the contract is significantly silent as to the name of the theater Sullivan & Considine was to furnish pursuant to its terms. If it had been the intention of appellant to grant, or of the respondent to acquire, the right to use the word "Orpheum" as the name of the theater then contemplated, the contract, which in all other respects was minute and particular of detail, would have so provided; especially so, in view of the fact that, at the time of its execution, Sullivan & Considine was operating a theater in the city of Seattle under that name. Some contention is made that, because the name "Orpheum" was not transferred to the Coliseum theater until about four months after the closing of the theater on the site of the Leary building, its use was abandoned. It appears, however, that it was the intention of Sullivan & Considine all the while to make the change and preserve its right to the use of the name. In the light of the attendant circumstances, we do not think so short a delay indicated any purpose to abandon its use.

What has been said would seem to answer the second contention, for, unless the name "Orpheum" was contributed to the alleged partnership by appellant, such name would not revert to it upon the dissolution of the firm. However, there was no partnership. A corporation was organized and the capital stock thereof distributed in accordance with the agreement of the parties.

With respect to the removal of the electric signs, we are satisfied from the testimony and the numerous photographs introduced as exhibits that the character of the signs and the manner of their display were such as to lead the public to believe appellants' theater was

the Orpheum theater, rather than a theater in which Orpheum Circuit vaudeville was being given. This being true, the use of the signs amounted to unfair competition, and the order directing their removal was proper. *Wright Restaurant Co. v. Seattle Restaurant Co.*, 67 Wash. 690, 122 Pac. 348; *Martell v. St. Francis Hotel Co.*, 51 Wash. 375, 98 Pac. 1116.

This brings us to the question presented by the cross-appeal. An examination of the record convinces us that the evidence relating to the claim for substantial damages was altogether too speculative and indefinite to warrant the granting of such relief. So many uncertain elements are involved in determining the extent of plaintiffs' damage occasioned by the acts of defendants that it is impossible to fix any definite award.

The decree of the lower court carefully and correctly defines the rights of the parties in the premises. Finding no error, the judgment is affirmed.

ELLIS, C. J., PARKER, MAIN, and FULLERTON, JJ., concur.