### BROOKS et al. v. HEARTFIELD et al. (No. 1645.)

Court of Civil Appeals of Texas. Beaumont. Feb. 2, 1928.

**1. Trade-marks and trade-names and unfair competition ⬅73(2)—Original manager's use of corporate name, after suggesting to purchaser of assets on insolvency that he continue use thereof, constituted "unfair competition."**

Where original manager of corporation, after sale of assets on insolvency, continued in employment of purchaser and suggested conduct of business under previous name, which was that of such manager, and informed his old customers that business would be so conducted, his subsequent use after severing relations with corporation of corporate name, constituted "unfair competition."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Unfair Competition.]

**2. Trade-marks and trade-names and unfair competition ⬅73(1)—Generally every man may use his own name in business, and right cannot be taken by prior appropriation.**

Generally every man has right to use his own name in business, and this right cannot be taken from him by prior appropriation of other parties.

**3. Trade-marks and trade-names and unfair competition ⬅73(1)—Person's right to use name in business may be lost by estoppel.**

Right of every man to use his name in his business can be lost to him by estoppel.

**4. Trade-marks and trade-names and unfair competition** ⬉➞73(1)—**Manager of insolvent corporation, continuing in purchaser's employ and suggesting continued use of his name, held estopped to subsequently deny right.**

Where manager of insolvent corporation continued in employ of purchaser of assets, suggested that he continue use of his name therein, and held out to the world that purchaser had right to use thereof, such use constituted valuable asset to the business, and manager was subsequently estopped to deny use thereof.

**5. Corporations** ⬉➞49(1)—**Equity has jurisdiction of suit by corporation to enjoin another from using corporate name.**

Equity has jurisdiction of suit by corporation to enjoin another from using corporate name, although action at law for damages will lie against defendant.

**6. Corporations** ⬉➞49(1)—**Unauthorized use of trade-name could be enjoined by one having right to use thereof, regardless of priority in filing application for charter.**

Where purchaser of assets of insolvent corporation had, by reason of prior use pursuant to agreement, acquired right to use trade-name, unauthorized use thereof by other persons subsequently could be enjoined, regardless of priority in filing of application for charter under such name.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by J. E. Heartfield and others against T. D. Brooks and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

Howth, Adams & Hart, of Beaumont, for appellants.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellees.

WALKER, J. J. E. Heartfield bought at trustee's sale in bankruptcy the assets of the Brooks Supply Company, Incorporated, which had been organized and operated by appellant T. D. Brooks for about 20 years and until its insolvency. After buying the assets of the bankrupt corporation, Heartfield employed Brooks to operate the business for him as manager, agreeing to pay him for his services $300 per month. On the suggestion of Brooks, and by mutual agreement, and upon a valuable consideration, Heartfield conducted his business under the name of Brooks Supply. Brooks served Heartfield as the manager of the business under the name "Brooks Supply" from the time Heartfield bought the assets and organized his business, about the 1st of May, until the last of the following September, when he voluntarily resigned. When Brooks first assumed the management of Heartfield's business, he wrote to all his old customers, telling them that Heartfield had bought the assets of the bankrupt corporation, and asked that they continue their business relations with Heartfield under his business name, "Brooks Supply." In his letters, Brooks told his old customers that, while the business was owned by Heartfield, it would be conducted under the name of Brooks Supply.

Immediately after severing his connections with Heartfield, Brooks formed a corporation and prepared and filed his application for a charter with the secretary of state under the name of Brooks Supply Company, complying with all the statutory essentials. Though duly received, this application was not acted upon officially by the secretary of state until the 17th of October, when it was duly filed as of that date and certified copies thereof and a franchise tax issued and forwarded to Brooks. However, before the charter was filed and the franchise tax issued, but subsequent to the date of the receipt of the application for charter by the secretary of state, Heartfield filed his application with the secretary of state for a charter under the same name, "Brooks Supply Company," which was immediately acted upon and a certified copy and franchise tax forwarded, as of date the 15th of October to Heartfield, two days prior to the filing of Brooks' application. When Brooks received his charter he began business, registered his name with the telephone company, and demanded of the post office all mail addressed to the Brooks Supply Company. Heartfield made the same demand for his corporation. On this state of facts the postmaster refused to deliver the mail to either party, but delivered it to an agent agreed upon by them, whose duty it was to receive the mail, and, after examining it, to deliver to each corporation the mail intended for it.

This suit was brought by Heartfield and his corporation to restrain Brooks and his corporation from using in Beaumont the name of Brooks Supply Company and from receiving mail so addressed. While the evidence upon the issue tendered by the pleadings was sharply conflicting, it was sufficient to sustain and support the conclusions as stated, which upon a trial before the court without a jury were found by it and embodied in its judgment. It was agreed that the use of the name "Brooks Supply" or "Brooks Supply Company" was a valuable asset in Beaumont, Tex., the corporate home of the two corporations. Without a further statement of the nature of the pleadings and the evidence, it is sufficient to say that Mr. Brooks pleaded and testified that the corporate assets were bought by Heartfield for the use and benefit of Brooks, and that he was conducting the business under his name for his own benefit. However, those issues were found against him. On the pleadings and findings by the court, judgment was entered in favor of Heartfield and his corporation

against Brooks and his corporation, as follows:

"It is therefore ordered, adjudged, and decreed by the court that the defendants, T. D. Brooks, and the Brooks Supply Company, which T. D. Brooks and his associates attempted to organize, be and are hereby restrained from further operating or attempting to operate a business in or under the name of Brooks Supply, Brooks Supply Company, or Brooks Supply Company, Incorporated, and from interfering with plaintiffs, J. E. Heartfield and Brooks Supply Company, a corporation, of which J. E. Heartfield is president, in receiving from the postmaster at Beaumont, Jefferson county, Tex., any and all mail reaching the said post office addressed to the Brooks Supply Company, Brooks Supply, or Brooks Supply Company, Incorporated, or any similar name that might mislead the public and customers of plaintiff, and from further participating in any business relation with the Brooks Supply Company which the said T. D. Brooks attempted to organize, and from further using and maintaining a telephone in the name of Brooks Supply Company, Brooks Supply, or Brooks Supply Company, Incorporated, or any similar name, and, further, that the plaintiffs do have and recover from the defendant all cost in this behalf expended, for all of which let writs of injunction and execution issue."

Brooks and his corporation have duly prosecuted their appeal from this judgment.

## Opinion.

[1-5] On the statement made, the judgment of the trial court must be affirmed on the legal conclusion that the use by Brooks and his corporation of the corporate name "Brooks Supply Company" would constitute unfair competition. As a general rule every man has the right to use his own name in his business, and this right cannot be taken from him by a prior appropriation by other parties. Equity will aid him in preventing the unlawful use of his name. But this right can be lost to him by estoppel. By his conduct, Brooks held out to the world that Heartfield had the right to use the name "Brooks Supply Company," or "Brooks Supply," and by his own act notified the business world that this was the name of Heartfield's business. On agreement of the parties, this was a valuable asset to Heartfield's business, and Brooks is now estopped to take it from him. In Holmes, Booth & Haydens v. Holmes, Booth & Atwood Mfg. Co., 37 Conn. 278, 9 Am. Rep. 324, it was said that the respondents "in the first instance had a perfect right to prohibit the use of their names by the petitioners," and, if they did not so object, "presumptively, at least, they assented to such use," and, having consented, it was held that they were estopped to use their names to relators' injury. In our case Brooks not only consented, but expressly asked that his name be used, and built up Heartfield's business on his own name. In Sheffield, etc., v. Sheffield, etc., 105 Minn. 315,

117 N. W. 447, 127 Am. St. Rep. 574, though saying, "Upon principle and authority we hold that every person is entitled * * * to use his * * * name in business," it was held that he might lose that right by consenting that another party might use his name, and, on the conclusion that such use would constitute unfair competition, the injunction issued. Williams Soap Co. v. J. B. Williams Soap Co. (C. C. A.) 193 F. 384, 386; J. & P. Coats, Limited, v. John Coates Thread Co. (C. C.) 135 F. 177, 179; Garrett v. T. H. Garrett & Co. (C. C. A.) 78 F. 472, 478; International Silver Co. v. William H. Rogers Corporation, 66 N. J. Eq. 119, 57 A. 1037, 2 Ann. Cas. 407, ·67 N. J. Eq. 646, 60 A. 187, 110 Am. St. Rep. 506, 3 Ann. Cas. 804; State ex rel. v. Lee, 288 Mo. 679, 233 S. W. 20. It is said that equity abhors the practice of one person or corporation infringing upon the business or corporate name of another person or corporation (Fuller v. Huff [C. C. A.] 104 F. 141); and, although an action at law will lie for damages against the offender (Hartzler v. Goshen Churn & Ladder Company, 55 Ind. App. 455, 104 N. E. 34), equity has jurisdiction by way of injunction on the ground that the remedy at law is ordinarily inadequate (Grand Lodge, K. P., et al. v. Grand Lodge K. P., et al., 174 Ala. 395, 56 So. 963). Therefore equity has jurisdiction at the suit of Heartfield and his corporation to enjoin Brooks and his corporation from using the name "Brooks Supply Company."

[6] By its prior use as between him and Brooks, Heartfield had acquired the right to use the trade-name "Brooks Supply" or "Brooks Supply Company," and, regardless of the priority in filing this application for a charter by Brooks and his associates, Heartfield and his corporation had a right to enjoin the unauthorized use of their trade-name "Brooks Supply" or "Brooks Supply Company." The proposition is thus stated by Rodseth v. Northwestern Marble Works, 129 Minn. 472, 152 N. W. 885, Ann. Cas. 1917A. 257:

"Adopting a particular name as its corporate name does not necessarily give a corporation the right to use such name as a trade-name. The names which it may select are so unlimited in number that there is no need to select one already appropriated by another, and, if it sees fit to incorporate under a name already in use by another as a trade-name, it acquires no right to use such name as its own trade-name."

That Heartfield used the name "Brooks Supply" while the corporation was chartered under the name "Brooks Supply Company" does not distinguish this case from the authorities cited. An injunction lies when the name duplicated resembles that previously assumed. Trust Safe Deposit & Ins. Co. v. Philadelphia Trust Co. (C. C.) 123 F. 534; Martell v. St. Francis Hotel Co., 51 Wash. 375, 98 P. 1116, 16 Ann. Cas. 593.

The relief granted in this case is independent of statutory restrictions and in addition thereto and lies in the broad field of equity jurisprudence. Munn & Co. v. Americano, 82 N. J. Eq. 63, 88 A. 330.

A full discussion of the questions involved in this appeal is found in Fletcher, Cyclopedia Corp. c. 18, p. 1630.

On the proposition announced, the judgment of the trial court is affirmed.